UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEZO EDWARDS,<br><br>                Petitioner,<br><br>     v.<br><br>SLIVER, ASSOCIATE WARDEN,<br><br>                Respondent. | No.  1:24-cv-01103-SKO (HC)<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE**<br><br>**FINDINGS AND RECOMMENDATION TO SUMMARILY DISMISS PETITION**<br><br>**[THIRTY DAY OBJECTION DEADLINE]** |

Petitioner is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  He filed the instant petition on August 21, 2024.  Petitioner takes issue with a disciplinary proceeding in which he was found guilty of failing to follow safety regulations.  Because the petition fails to state a claim and the claims are moot, the Court will recommend the petition be DISMISSED.

**DISCUSSION**

A.      Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases[1] allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ."  Rule 4 of the Rules Governing Section 2254 Cases.

---

[1] Pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases, the rules may be applied in § 2241 Cases.

1

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001).

B.   Incident Report[2]

On May 11, 2023, Correctional Officer Isho was conducting his rounds in Unit 4A of USP Atwater. During his rounds, he discovered that cell 207 was non-compliant with cell sanitation regulations. Specifically, the light was covered creating a safety hazard, and Petitioner and inmate St. Louis were assigned to cell 207.

Petitioner was charged with failing to follow safety regulations, a violation of Code 317. On May 16, 2023, he was found guilty of the charged act and sanctioned with 60 days loss of commissary privileges. He administratively appealed the finding, and the appeals were denied.

C.   Failure to State a Claim

As a general matter, a claim that challenges the fact or duration of a prisoner's confinement should be brought in a habeas corpus petition, while a claim that challenges the conditions of confinement should be brought in a civil rights action. See Wolff v. McDonnell, 418 U.S. 539, 554 (1974). Traditionally, the writ of habeas corpus pursuant to 28 U.S.C. § 2241 has been limited to attacks by prisoners upon the fact or duration of their custody, with the customary remedy being release. Preiser v. Rodriguez, 411 U.S. 475, 484-86 (1973); Crawford v. Bell, 599 F.2d 890, 891 (9th Cir.1979); Badea v. Cox, 931 F.2d 573, 574 (9th Cir.1991). A § 2241 habeas petition "challenges the execution of a criminal sentence on grounds that a prisoner 'is in custody in violation of the Constitution or laws or treaties of the United States.'" Benny v. United States Parole Comm'n, 295 F.3d 977, 988 (9th Cir.2002) (quoting 28 U.S.C. § 2241(c)(3) and citing Benites v. United States Parole Comm'n, 595 F.2d 518, 520 n. 1 (9th Cir.1979)). Claims challenging the execution of a sentence are cognizable under § 2241 if there is a "causal link" between the execution of the petitioner's sentence and the "fact or duration" of his custody.

---

[2] The facts are taken from the Incident Report dated May 11, 2023. (Doc. 1 at 28-29.)

1  See Benny, 295 F.3d at 988–989.

2  With respect to challenges to disciplinary findings, habeas corpus jurisdiction is available under § 2241 when a petitioner claims: (1) he lost good time credits without due process of law; (2) he was subject to greater restrictions of liberty, such as disciplinary segregation, without due process of law; or (3) expungement of a disciplinary finding from his record is likely to accelerate his eligibility for parole. Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989), *overruled on other grounds by* Nettles v. Grounds, 830 F.3d 922 (9th Cir. 2016).[3] Petitioner does not allege that he lost any good conduct time credits because of the disciplinary action taken against him, nor does the Incident Report so reflect. Indeed, Petitioner states he is serving a life sentence, and therefore, he is ineligible to earn time credits against his sentence. See 18 U.S.C. § 3624(b)(1) ("[A] prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive [GCT] credit."). Nor does the Incident Report reflect that Petitioner suffered any greater restriction of liberty such as disciplinary segregation. In fact, the Incident Report shows the only sanction imposed by the disciplinary hearing officer was a temporary loss of commissary privileges.

In addition, the imposed commissary restriction has since expired. Thus, any claim based upon a loss of those privileges is moot, and habeas relief is unavailable. See Watson v. Milusnic, 2020 WL 6647739, at *2 (C.D. Cal. Sept. 28, 2020) (finding habeas relief would not be available based on a claim that petitioner lost good time credits because he did not lose any good time credits, nor would it be available based on subjection to disciplinary segregation because he already completed his disciplinary segregation); Jeburk v. Milusnic, 2019 WL 5089202, at *2 (C.D. Cal. July 12, 2019) ("Petitioner's punishment [of disciplinary segregation] has been completed and habeas relief is unavailable."); see also Saunders v. Gutierrez, 2011 WL 5933292,

---

[3] The Ninth Circuit, in Nettles, overruled Bostic for state prisoners proceeding under 28 U.S.C. § 2254. Nettles, 830 F.3d at 934-35. It held a state prisoner's claim must lie at the heart of habeas, and a state prisoner's petitioner would not fall within the core of habeas if success "would not necessarily lead to his immediate or earlier release from confinement." Nettles, 830 F.3d at 935. It explicitly stated the decision did not apply to federal prisoners. Id. at 931; see, e.g., Miller v. Fox, 2017 WL 1591939, at *2 (C.D. Cal. Feb. 2, 2017) (Nettles does not apply to § 2241 habeas petitions brought by federal prisoners); Jeburk v. Milusnic, 2019 WL 5089202, at *1 n.1 (C.D. Cal. July 12, 2019) (same).

at *2 (C.D. Cal. Oct. 17, 2011) (finding claims not cognizable under § 2241 because disciplinary sanctions consisted only of temporary placement in disciplinary segregation and temporary loss of commissary and telephone privileges, and Petitioner is not eligible to earn good conduct time because he has been sentenced to life imprisonment, "[t]hus, even if the disciplinary findings were expunged, Petitioner's term of imprisonment would remain unchanged" and "clearly do not implicate the fact or duration of his confinement."). Petitioner's claims clearly do not implicate the fact or duration of his confinement and the petition should be dismissed.

**ORDER**

IT IS HEREBY ORDERED that the Clerk of Court is DIRECTED to assign a District Judge to the case.

**RECOMMENDATION**

For the foregoing reasons, the Court HEREBY RECOMMENDS that the habeas corpus petition be DISMISSED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:  **September 18, 2024**         /s/ *Sheila K. Oberto*
                                     UNITED STATES MAGISTRATE JUDGE