**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GEZO EDWARDS,<br><br>        Petitioner,<br><br>    v.<br><br>SLIVER, ASSOCIATE WARDEN,<br><br>        Respondent. | Case No. 1:24-cv-01103 JLT SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND THIS CLOSE CASE<br><br>(Doc. 11) |

Gezo Edwards is a federal prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, in which Petitioner challenges an incident report and disciplinary proceedings related to a failure to follow safety regulations. (*See generally* Doc. 1.)

The magistrate judge conducted a preliminary review of the petition and found Petitioner failed to state a cognizable habeas claim, because "Petitioner does not allege that he lost any good conduct time credits because of the disciplinary action taken against him, nor does the Incident Report so reflect." (Doc. 11 at 3.) The magistrate judge also noted that because Petitioner is serving a life sentence, "he is ineligible to earn time credits against his sentence." (*Id.*) Furthermore, the magistrate judge observed that the provided incident report "shows the only sanction imposed by the disciplinary hearing officer was a temporary loss of commissary privileges," which "has since expired." (*Id.*) As a result, the magistrate judge found "any claim based upon a loss of those privileges is moot, and habeas relief is unavailable." (*Id.*) Therefore,

the magistrate judge recommended the petition be dismissed.  (*Id.* at 4.)

The Court served the Findings and Recommendations on Petitioner and notified him that any objections were due within 30 days.  (Doc. 11 at 4.) The Court advised Petitioner that the "failure to file objections within the specified time may waive the right to appeal the District Court's order."  (*Id.*, citing *Martinez v. Ylst,* 951 F.2d 1153 (9th Cir. 1991).)  Petitioner did not file objections, and the time to do so has passed.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case.  Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis.  Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on September 19, 2024 (Doc. 11) are **ADOPTED** in full.
2. The petition for writ of habeas corpus is **DISMISSED** with prejudice.
3. The Clerk of Court is directed to enter judgment and close the case.

In the event a notice of appeal is filed, no certificate of appealability is required.[1]

IT IS SO ORDERED.

Dated:   **November 2, 2024**

UNITED STATES DISTRICT JUDGE

---

[1] A certificate of appealability will not be required because this is an order denying a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, not a final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court.  *Forde v. U.S. Parole Commission*, 114 F.3d 878 (9th Cir. 1997); *see Ojo v. INS*, 106 F.3d 680, 681-682 (5th Cir. 1997); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).